IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KENNETH WAYNE HEISTAND,

                    Plaintiff,

          v.                              CASE NO.  15-3010-SAC-DJW

SUSAN CROWLEY,

                    Defendants


MEMORANDUM AND ORDER

     The plaintiff Kenneth Wayne Heistand has filed a pro se
civil complaint (Dk. 1) pursuant to 42 U.S.C. § 1983 against
Susan Crowley who is identified as a parole officer with the
State of Kansas. Mr. Heistand alleges he is an inmate at the
Jefferson City Correctional Center, Jefferson City, Missouri.
He has filed the following motions that are pending: motion for
leave to proceed in forma pauperis, (Dk. 2); motion to appoint
counsel, (Dk. 3); and motion to expedite proceedings (Dk. 4).

     Under 28 U.S.C. § 1915A(a), a district court shall review a
prisoner's complaint against a governmental entity or officer or
employee of that entity either "before docketing" or "as soon as
practicable after docketing." And under § 1915A(b)(1), the court
shall dismiss such a complaint if that review reveals a failure
to state a claim upon which relief may be granted. See also 28

1

U.S.C. § 1915(e)(2)(B)(ii) (directing courts to dismiss civil action filed by prisoner proceeding IFP "at any time" if court determines action fails to state claim on which relief may be granted). The Tenth Circuit has "explained that § 1915A does not require that process be served or that the plaintiff be provided an opportunity to respond before dismissal." *Robertson v. Kansas*, 301 Fed. Appx. 786, 2015 WL 4759164 at *2 (10th Cir. Aug. 13, 2015) (citing *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir.2000)).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (liberally construe the allegations of a pro se complaint). The burden remains with the pro se plaintiff to allege facts sufficient to state a cognizable legal claim, "and the plaintiff whose factual

allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Hall v. Bellmon*, 935 F.2d at 1110. As recently clarified by the Supreme Court, "'a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.'" *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In his complaint, Mr. Heistand alleges two counts against the same defendant, Susan Crowley. She is identified as the State of Kansas parole officer who supervised Mr. Heistand under the following circumstances. As alleged, Mr. Heistand was convicted in Missouri on March 24, 1983, of robbery and assault and received a sentence of life imprisonment and five years. In 2003, he was paroled from these Missouri sentences. His parole was apparently supervised in Kansas pursuant to Interstate Compact for Adult Offender Supervision, K.S.A. § 22-4110 *et seq*. Mr. Heistand alleges Ms. Crowley attempted to deny his parole plan with his parents in Kansas by arbitrarily refusing to do a home inspection. According to the complaint, his parole plan was eventually approved by going to Ms. Crowley's supervisor. The plaintiff does not allege any claim for relief based upon a delay in his plan's approval.

3

As far as conduct related to Ms. Crowley, Mr. Heistand next alleges that he was issued notice of a parol violation on January 8, 2005, in Bourbon County, Kansas, for "domestic assault and battery, possession of methamphetamines, aggravated indecent liberties and assault." (Dk. 1, pp. 3-4). Stating that, "these charges were subsequently dismissed," Mr. Heistand's complaint is with Ms. Crowley's parole violation report that she prepared contemporaneous with these events and that apparently remains in his Missouri parole file. *Id*. at 4. Mr. Heistand attaches to his complaint a copy of Ms. Crowley's report that is the subject of his claims. (Dk. 1-1).

Ms. Crowley's "Violation Report" on Mr. Heistand is addressed to the "State of Missouri-Parole" and is dated February 15, 2005. *Id*. The report identifies three violations of release conditions, all of which involve Mr. Heistand being charged with crimes in Bourbon County District Court. The first violation refers to the criminal charges in case #05CR33 for domestic battery and assault allegedly committed on January 8, 2005. This narrative accompanied the first violation:

> On 1/8/2005 it was reported to me that Kenny beat his daughter up so bad that she has two loose teeth and several teeth chiped (sic) off. She also has multiple bruises and other injuries that have been photographed by the Bourbon County Sheriff's Department & Charges are being turned over the (sic) the Bourbon County Attorney's Office as of 1/12/2005. Charges were formally filed on /14/2005 on Case #05CR33.

4

(Dk. 1-1). The second violation referred to the criminal charges in case #05CR47 for possession of methamphetamine allegedly committed on January 14, 2005. This narrative accompanied the second violation:

> On 1/14/2005 when Mr. Heistand was arrested for Domestic Battery/Assault on his daughter he had Methamphetamines in the front pocket of his jeans. Charges were officially filed & a $20,000 bond was placed on him on 1/28/2005. The Case #05CR47, the charge of Possession of Methamphetamine is considered to be a felony.

(Dk. 1-1). The third violation referred to the criminal charges in case #05CR71 for aggravated indecent liberties and two counts of criminal sodomy allegedly committed on February 11, 2005. This narrative accompanied the third violation:

> On 2/11/2005 charges were filed after (sic) Bourbon County District Court after an ongoing investigation in regards to inappropriate behavior with at least one teenage girl. The charges are currently Aggravated Indecent Liberties and 2 Counts of Criminal Sodomy. 1st appearance was on 2/14/2005.

(Dk. 1-1). Ms. Crowley's report concluded with the following comments under the title of "Availability/Recommendations:"

> At this time Mr. Heistand is currently in the Bourbon County Jail on the above charges. Missouri has also issued a Warrant as a hold until these charges are disposed of. I strongly recommend that regardless of the outcome of his Kansas charges that Missouri return him to the State of Missouri & impose his sentence. I believe (sic) that he has shown to be a danger to society.

(Dk. 1-1). The complaint attaches only this one report and does not refer to any other reports made by Ms. Crowley to the

Missouri parole authorities as being the subject or basis for the alleged claims.

As Count I in his complaint, plaintiff asserts the defendant Crowley violated his federal constitutional rights to equal protection, due process and confrontation by placing "false information into Plaintiff's parole files." (Dk. 1, p. 3). As the supporting facts to this count, the plaintiff alleges that in 2014 he appeared before the Missouri Board of Probation and Parole ("MBPP") and was asked about allegations regarding sexual abuse of his daughter even though these charges were dismissed in 2005. The MBPP subsequently set back his parole for two years. The plaintiff alleges the defendant Crowley provided this report to MBPP as part of his parole file and "intentionally exaggerated an fabricated her reports to the MBPP for the purpose of violating Plaintiff's parole and discouraging reinstatement of parole by the MBPP." *Id*. at 4. The plaintiff alleges that defendant Crowley's animus is shown in her recommendation that he be returned to Missouri for sentencing regardless of how the Kansas charges were resolved. The plaintiff alleges that he was returned to Missouri in 2005 and that Crowley denied him a right to a hearing in Kansas on these parole violations. The plaintiff asserts that had the hearing been held "it is possible that the false allegations would have

been exposed as false and removed from record." *Id*. at 5. The plaintiff concludes that without earlier hearing the false information remains in the file, creates "a significant risk of prolonging" his incarceration and denies him equal protection and due process as shown in the two-year set back of his parole. *Id.*

For Count II, plaintiff relies on the same supporting facts and asserts that the defendant Crowley "acted willfully, deliberately, maliciously or with reckless disregard" of his "clearly established" rights to due process and equal protection. The plaintiff expressly alleges a violation of 42 U.S.C. § 1983.

In his request for relief, plaintiff seeks appointment of counsel, removal of the false information from his parole files, damages for mental anguish, and attorneys' fees and costs.

Because Mr. Heistand is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28  U.S.C.  §  1915A(a)  and  (b); 28  U.S.C.  § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged
deprivation was committed by a person acting under color of
state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations
omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir.
1992).   A court liberally construes a pro se complaint and
applies "less stringent standards than formal pleadings drafted
by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
However, a pro se litigant's "conclusory allegations without
supporting factual averments are insufficient to state a claim
upon which relief can be based." *Hall v. Bellmon*, 935 F.2d at
1110.  The court "will not supply additional factual allegations
to round out a plaintiff's complaint or construct a legal theory
on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d at
1173-74.

**DISCUSSION**

Mr. Heistand's complaint fails to allege facts sufficient
to state a claim for which relief can be granted. The facts that
have been alleged demonstrate Mr. Heistand cannot prevail, and
it would be futile to give him an opportunity to amend. The
court sets out the grounds below.

*Failure to Allege a Cognizable Constitutional Deprivation*

The plaintiff alleges the defendant Crowley violated his
federal constitutional rights to equal protection, due process

and confrontation by placing false information into Plaintiff's parole files in the single report that Crowley sent to Missouri parole authorities in February of 2005. The plaintiff's allegations fail to state a plausible constitutional claim for relief.

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237, 1242 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 531 U.S. 962 (2000). The plaintiff asserts the MBPP relied on allegedly false information found in Crowley's violation report as evidenced by MBPP's latest questions to him in 2014. The plaintiff asserts the report's contents has created "a significant risk" of keeping him from being paroled earlier as "reflected in the two-year set back" of his parole date. (Dk. 1, pp. 4-5). The plaintiff alleges nothing but his own speculation to connect the 2005 violation report with the MBPP's setback of his parole date or with the MBPP's future considerations of parole. The plaintiff's claim is purely speculative and fails to allege the denial of a liberty or property interest sufficient to invoke constitutional procedural guarantees.

Even if the plaintiff were to allege facts beyond his own speculation, "on claims of entitlement to parole, the Supreme Court has explicitly held that 'there is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.' *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)." *Yoder v. Kirkpatrick*, 2012 WL 516086 at *2 (D. Utah. Feb. 15, 2012). The Tenth Circuit recently explained:

> It is well-established that "a liberty interest inherent in the Due Process Clause arises upon an inmate's release [on parole] from confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1212 (10th Cir.2005) (emphases added); *see also Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) ("[T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty...."). However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *accord Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994). Instead, any "liberty interest in the expectancy of parole" must be expressly created by a state through its parole laws. *Boutwell*, 399 F.3d at 1213 (emphasis added); see *Greenholtz*, 442 U.S. at 12 (concluding that the Nebraska statute at issue created a liberty interest in "the expectancy of release" by its use of mandatory language).
> Absent such a state-created liberty interest, "there simply is no constitutional guarantee that [determinations of parole eligibility] must comply with standards that assure error-free determinations." *Greenholtz*, 442 U.S. at 7. For example, in *Malek*, we rejected an inmate's claim that his due-process rights had been violated when the Utah Board of Pardons and Parole allegedly applied improper criteria in denying him parole because we concluded that "the Utah parole statute d[id] not create a liberty interest entitling [the inmate] to due process." 26 F.3d at 1016; *accord Straley*, 582 F.3d at 1214-15; *Dock v. Latimer*, 729 F.2d 1287, 1290-92 (10th Cir. 1984); *see also*

*Candelaria v. Griffin*, 641 F.2d 868, 870 (10th Cir. 1981)
(per curiam) (concluding that New Mexico's parole statute
does not create a liberty interest in parole); *Schuemann v.
Colo. State Bd. of Adult Parole*, 624 F.2d 172, 175 (10th
Cir.1980) (reaching the same result with respect to
Colorado's parole statute); *Shirley v. Chestnut*, 603 F.2d
805, 807 (10th Cir. 1979) (per curiam) (coming to the same
conclusion in reviewing Oklahoma's parole statute).

Therefore, in evaluating the due-process claim of Mr.
Pruitt, we likewise focus on whether Kansas has created a
liberty interest in release on parole—viz., "in the
expectancy of parole." *Boutwell*, 399 F.3d at 1213 (emphasis
added). This is because Mr. Pruitt has not yet been
released—i.e., he has not reached "the point at which the
constitutionally-created liberty interest" attaches. Id. at
1212 (emphasis added). Thus, absent such a state-created
liberty interest, even if we assume arguendo the truth of
Mr. Pruitt's allegation that he has been denied parole
repeatedly because the KDOC and the KPB are punishing him
for refusing to enter into a program plan agreement, he
still cannot prevail.

As for the liberty-interest question, the Kansas
Supreme Court has opined unequivocally, and, regrettably
for Mr. Pruitt, has concluded that its laws do not create a
liberty interest in release on parole. *See Gilmore v. Kan.
Parole Bd.*, 756 P.2d 410, 415 (Kan.1988) ("[T]he Kansas
parole statute does not give rise to a liberty interest
when the matter before the Board is the granting or denial
of parole to one in custody." (emphasis in original)).

*Pruitt v. Heimgartner*, --- Fed. Appx. ---, 2015 WL 4646478,

at *4-5 (10th Cir. Aug. 6, 2015). Missouri courts likewise have

established that Missouri statutes do not create any liberty

interest in parole. *Miller v. Missouri Dept. of Corrections*, 436

S.W.3d 692, 698 (Mo. Ct. App. 2014). Thus, even accepting the

plaintiff's speculative connection between the false information

and the prior and possible denial of parole, the plaintiff is

unable to allege the deprivation of a constitutionally protected liberty or property interest.

The plaintiff also has failed to allege any facts sufficient to establish the essential elements for an equal protection claim. "Equal protection is essentially a direction that all persons similarly situated should be treated alike." *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir.), *cert. denied*, 549 U.S. 1059 (2006). The plaintiff's complaint is devoid of any allegations that come close to stating an equal protection claim. He does not allege that he belongs to a suspect class, that he was treated differently from other alleged parole violators, or that the defendant's actions lacked a legitimate purpose. *See Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1202 (D. Kan. 2008); *see also Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (holding that to prevail on his equal protection claim, plaintiff must (1) allege he was treated differently from other inmates, and (2) "allege facts sufficient to overcome a presumption of government rationality"). There is nothing in what the plaintiff has alleged against the defendant that would support an equal protection claim. The court finds it would be futile to give plaintiff an opportunity to amend his complaint on this count.

The plaintiff's complaint makes a single reference to a Sixth Amendment right to confront witnesses. The plaintiff later alleges that he "should have had a parole revocation review hearing in Kansas where he requested and signed documents requesting review however Susan Crowley denied this right. If the final revocation hearing had been held, it is possible that the false allegations would have been exposed as false and removed from the record." (Dk. 1, p. 5). "Sixth Amendment rights are not applicable in parole revocation hearings because those hearings are not 'criminal prosecutions.'" *Curtis v. Chester*, 626 F.3d 540, 544 (10th Cir. 2010) (citing U.S. Const. amend. VI). On the face of the plaintiff's allegations, the court fails to see any right of confrontation implicated by Crowley's mere submission of an initial parole violation report to the State of Missouri's parole authority. The court fails to see how Crowley can be responsible for how other persons or bodies choose to use her initial violation report in any subsequent proceedings.

The plaintiff alleges that Crowley denied him a parole revocation hearing in Kansas, but he fails to allege how Crowley denied him any supposed right to a preliminary hearing in Kansas. For a § 1983 claim, "[p]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation

13

omitted). While plaintiff makes conclusory assertions of constitutional violations, he fails to allege how Crowley committed the violations. *See Pahls v. Thomas*, 718 F.3d 1210, 1231 (10th Cir. 2013)("Liability under § 1983 . . . requires personal involvement."). The plaintiff's summary allegation that Crowley denied him a Kansas hearing fails to identify any particular action plausibly taken by Crowley that would have resulted in the denial of any hearing related to her violation report. Her submission of the initial violation report does not presume Crowley's participation in or responsibility for any subsequent proceedings and decisions. Plaintiff's conclusory, generic allegations are plainly insufficient to allege personal participation by Crowley.

Finally, the plaintiff's complaint fails to allege specifically what constitutes the false information contained in the parole violation report. The plaintiff impliedly alleges a link between the report and the MBPP's question about allegations that he sexually abused a daughter (RS). Yet, the parole violation report attached to his complaint does not identify the victim of aggravated indecent liberties charges in in case #05CR71 filed in the District Court of Bourbon County, Kansas. (Dk. 1-1, p. 1). The plaintiff's complaint utterly fails to identify what false information is contained in the violation

report and any connection between such information and an actionable injury sustained by him.

### *Younger Absention*

The plaintiff essentially alleges the MBPP has been considering false evidence in his parole proceedings, and he is asking this court to purge his parole files of this violation report before his next parole evaluation hearing scheduled before the MBPP. The plaintiff's allegations seek federal court intervention into ongoing state proceedings to determine his eligibility for parole. The MBPP is clearly capable of addressing the plaintiff's claims of false information.

A Federal court should abstain from the exercise of its jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in state court or by other state procedures available to the petitioner. *Younger v. Harris*, 401 U.S. 37 (1971); *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993). Moreover, it is proper for the Court to address *Younger* abstention sua sponte. *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996) ("We are convinced that we have properly raised the abstention issue sua sponte."), *cert. denied*, 520 U.S. 1143 (1997).

Abstention under *Younger* is appropriate when three conditions are met.

First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998). Furthermore, "*Younger* abstention is non-discretionary; it must be invoked [by the district court] once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. State Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir.1999).

All three conditions are plainly met in this action. The plaintiff alleges that parole eligibility proceedings are scheduled to occur. This parole board forum is adequately equipped to decide the relevance and reliability of the information being considered in its determination. The state court criminal and parole proceedings are traditional state law matters that implicate important state interests. In this regard, the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45). There is nothing

16

evident from the plaintiff's complaint and circumstances that would sustain any of the three narrow exceptions to *Younger* abstention. *See Hearst v. Peery*, 2006 WL 3314548 at \*2 (D. Kan. 2006). The complaint is subject to dismissal without prejudice.

### *DAMAGE CLAIM--HECK*

The plaintiff alleges damages for mental anguish apparently resulting from his ongoing incarceration after the MBPP's alleged use and consideration of this initial violation report. Before bringing a damage claim that casts doubt on the length of his continued incarceration, the plaintiff must first pursue a successful action for habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994). "This rule applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Any claim for damages is barred until a claim successfully has been pursued through a writ of habeas corpus. This damages claim is dismissed without prejudice.

### *OTHER MOTIONS AND FILINGS*

The plaintiff's motion for leave to proceed in forma pauperis, (Dk. 2) is granted on the terms discussed below. The plaintiff's motion to appoint counsel, (Dk. 3) and motion to expedite proceedings, (Dk. 4) are denied. There is no constitutional right to appointment of counsel in a civil case.

*Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). The plaintiff has not carried his burden of showing sufficient merit to his claims to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (*citing Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). The plaintiff has not alleged a plausible claim for relief. This order dismissing the plaintiff's case without prejudice moots his motion to expedite proceedings.

**IT IS THEREFORE ORDERED** that the plaintiff's complaint is dismissed without prejudice on the grounds of failing to state a claim for which relief can be granted and of being subject to *Younger* abstention and the *Heck* bar, and no opportunity to amend will be afforded as the plaintiff cannot prevail on the alleged facts and it would be futile to give him an opportunity to amend.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Proceed without Prepayment of Fees (Dk. 2) is granted. Plaintiff is hereby assessed (the filing fee of $350.00/the remainder of the $350.00 filing fee) to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and

pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel, (Dk. 3) and motion to expedite proceedings, (Dk. 4) are denied.

Dated this 10th day of September, 2015, Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge