IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH WAYNE HEISTAND,**

            **Plaintiff,**

      **v.**                                   **CASE NO. 15-3010-SAC-DJW**

**SUSAN CROWLEY,**

            **Defendants**

### MEMORANDUM AND ORDER

The plaintiff Kenneth Wayne Heistand has filed a motion (Dk. 7) asking the court to reconsider its order that dismissed his complaint without prejudice for failing to state a claim for which relief can be granted and for being subject to *Younger* abstention and the *Heck* bar and that denied him on futility grounds the opportunity to amend. (Dk. 5). Mr. Heistand asks the court either to vacate its prior order and allow him to proceed or to allow him to file an amended complaint. This order will address only those arguments of Mr. Heistand which would necessitate granting his motion.

Mr. Heistand first argues the court wrongly characterized his *pro se* complaint as a habeas corpus action rather than a civil rights complaint under 42 U.S.C. § 1983, as he is not seeking release from parole but a fair and equitable

1

consideration of his parole. Mr. Heistand's asserted clarification does not move his case any closer to being plausible or actionable. As he has alleged, Mr. Heistand presently is incarcerated in Missouri, and he last appeared in 2014 before the Missouri Board of Probation and Parole ("MBPP") which set back his parole for two years. He alleges the MBPP in 2014 relied on false information found in a 2005 parole violation report generated by the defendant Susan Crowley, a State of Kansas parole officer who had supervised Mr. Heistand in Kansas in 2005 pursuant to the interstate compact. Mr. Heistand's suit consists entirely of one defendant, Ms. Crowley, and challenges Ms. Crowley's actions in 2005 in preparing and sending the violation report to the State of Missouri and then in not granting him a parole hearing in Kansas.

As much as the plaintiff now wants to make his action into something it is not, he has not sued the MBPP and has not challenged the MBPP's policies or procedures used to deny parole. *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 79-81 (2005) (State prisoners may bring a § 1983 action to challenge the constitutionality of state parole procedures and to seek as relief the invalidity of the state procedures used to deny parole eligibility); *see Guiden v. Werholtz*, 2011 WL 1807443 at *9 (D. Kan. May 11, 2011). Instead, the plaintiff alleges the

2

"2014 MBPP's panel's focus and reliance on the false information denies Equal Protection, Due Process and is reflected in the two-year set back." (Dk. 1, p. 5). As part of the relief he seeks is "damages for mental anguish" presumably from the 2014 parole set back decision that allegedly involved the denial of equal protection and due process and resulted in his ongoing incarceration. The record shows the court has correctly characterized the plaintiff's action in seeking this monetary relief based on his ongoing incarceration.

The court's order correctly holds that the plaintiff's claim for such relief is premature under *Heck*:

> Here, Plaintiff does not attack the procedures themselves but seeks a new parole hearing because, he alleges, the parole board reached the wrong result on the basis of false evidence. A new parole hearing is an indirect request for immediate or speedier release available only through a federal writ of habeas corpus. The claim that the parole denial occurred because federal officials "bribed" state officials, likewise, challenges the validity of the parole board's action. Plaintiff has not alleged, much less established, that his parole denial has been reversed on direct appeal, declared invalid, or otherwise called into question in a writ of habeas corpus, as required by *Heck*. Until he can do so, a damages action is premature and a writ of habeas corpus provides the exclusive federal court remedy for the alleged constitutional violations.

*Marsch v. Kentucky Parole Board*, 2006 WL 1307977 at *2 (W.D. Ky 2006); *see* Memorandum & Order, Dk. 5, p. 17. Unlike the plaintiff inmate in *Wheat v. Daniel*, 2007 WL 2735882 at *4 (E.D. Mo. 2007), Mr. Heistand's complaint, in part, seeks monetary

damages apparently connected to the 2014 MBPP parole set back decision and the alleged denial of constitutional rights in that decision. The plaintiff in his motion to reconsider does not drop or otherwise define his damages claim. Indeed, based upon Ms. Crowley's position as a Kansas probation officer and her alleged participation in filing a 2005 report pursuant to the interstate compact, the plaintiff's only plausible claim against her is for monetary relief. The plaintiff has not identified and alleged that she has any office, authority or apparent power to alter the contents of his parole file in Missouri. Thus, *Wilkinson* does not override the *Heck* bar to the plaintiff's damages claim here.

Contrary to what the plaintiff understands, the court did not rule that *Heck* barred Mr. Heistand from pursuing a § 1983 action for injunctive relief regarding the contents of his parole file. The plaintiff cites and relies on *Wheat v. Daniel*, *supra*, for bringing a due process claim based on alleged erroneous contents of a parole file. Mr. Heistand's problem is that he has not alleged such an action. First, he has not brought a claim against anyone who has control over his parole file or who uses, manages, administers or relies on that file to take any actions adverse to him. He has not alleged a claim against the State that it "acted arbitrarily, or knowingly used

4

false information in making their parole decision." *Wheat*, 2007 WL 2735882 at *5. Simply put, the plaintiff has not brought a due process claim by suing a Kansas probation officer for preparing and submitting a violation report in 2005. Second, Tenth Circuit case law generally does not recognize a due process claim based on no more than the allegation that a parole file contains false information, because a prisoner typically does not have a liberty interest implicated in the proceedings before a parole board for the granting or denial of parole. *See* Memorandum & Order Dk. 5, p. 11 (citing *Pruitt v. Heimgartner*, 2015 WL 4646478 (10th Cir. Aug. 6, 2015); *see also Herrera v. Harkins*, 1993 WL 436824 at *2 (10th Cir. 1993) (alleged false information in parole file included prior parole investigation reports). While it does not appreciate the plaintiff's grounds for calling this case law "aging," the court remains confident it is still the binding and applicable precedent governing here. Third, the plaintiff is not bringing an action challenging the constitutionality of MBPP's policies or procedures used to deny him parole. *Cf. Wilkinson v. Dotson*, 544 U.S. at 79–81. The court disregards Mr. Heistand's other citations and arguments which are based on actions, parties, and facts plainly distinguishable from the case he has brought. Finally, the plaintiff's allegations are purely speculative as to the MBPP's

reliance on any false information and fail to identify what Crowley's report falsely states at the time it was submitted. "The plaintiff's complaint utterly fails to identify what false information is contained in the violation report and any connection between such information and an actionable injury sustained by him." (Dk. 5, pp. 14-15).

The plaintiff's motion to reconsider does not advance any arguable error in the court's analysis of the issues as discussed above. The motion does not demonstrate any factual or legal basis for questioning the court's finding that it would be futile to give Mr. Heistand an opportunity to amend.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Dk. 7) is denied.

Dated this 2nd day of October, 2015, Topeka, Kansas.

<u>s/Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge